UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GERMAINE JOHNSON, | ) Case No. 1:17CV1722 |
| | ) |
| Petitioner, | ) |
| | ) JUDGE BENITA Y. PEARSON |
| v. | ) MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) |
| LYNEAL WAINWRIGHT, | ) |
| Warden, | ) |
| | ) |
| Respondent. | ) REPORT AND RECOMMENDATION |

Petitioner Germaine Johnson ("Johnson" or "petitioner") has filed *pro se* a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is before the undersigned magistrate judge pursuant to Local Rule 72.2(b)(2). Petitioner is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State of Ohio v. Johnson*, Case No. CR-14-591449-A (Cuyahoga County July 27, 2015). (R. 1; R. 5-1, RX 3, PageID #: 52-53.) Johnson's petition stems from his 2015 convictions for gross sexual imposition and robbery, in the Cuyahoga County (Ohio) Court of Common Pleas.

The petition asserts the following four grounds for relief, with supporting facts:

1. Plea unconstitutional in violation of the 5th and 14th Amendments. This petitioner specifically told the court he was innocent and he was not given notice that the amended charges had not been found by the grand jury with specific waiver.

2. Double Jeopardy violation for multiple punishments in violation of the 5th Amendment. Trial court erred in not merging both counts which resulted from the same conduct.

3. Cruel and unusual punishment in violation of the 8th Amendment. The imposition of the maximum sentence for a minor violation, to wit: $400.00 and a

1

phone was too excessive for the crime charged and hardly the worst form of the offense.

4. Ineffective assistance of counsel at trial in violation of the 5th, 6th, and 4[1] 14th Amendments. Trial counsel failed to investigate and present exculpatory DNA evidence and counsel's failure to object to the factual basis of ground 1, 2, and 3 at trial and sentencing.

(R. 1, § 12, PageID #: 5, 7, 8, 10.) The respondent has filed a Return of Writ. (R. 5.) The petitioner has not filed a Traverse.

For the following reasons, the magistrate judge recommends that the petition be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct. 28 U.S.C. § 2254(e)(1); *see also Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012) ("State-court factual findings are presumed correct unless rebutted by clear and convincing evidence.") The Ohio Eighth District Court of Appeals set forth the following factual and procedural background:

> In December 2014, Johnson was charged in a six-count indictment. Count 1 charged him with rape. Counts 2 and 5 both charged him with kidnapping and carried a sexual motivation specification. Count 3 charged him with aggravated robbery. Count 4 charged him with robbery. Count 6 charged him with petty theft. The charges arise from allegations that the victim, H.B. was walking back to her hotel on Euclid Avenue in Cleveland when Johnson ran up behind her and knocked her to the ground. He then digitally penetrated H.B., took her cell phone and purse, and ran away.
>
> The matter proceeded to a jury trial on June 29, 2015. On July 1, 2015, the third day of trial, Johnson advised the trial court that he wanted to withdraw his not guilty plea and enter into a plea agreement with the state. The trial court then proceeded with a guilty plea hearing. Pursuant to the plea agreement, Johnson pled guilty to gross sexual imposition ("GSI") as amended in Count 1 and robbery as amended in Count 3. The remaining counts were nolled. The trial court referred that matter for a presentence investigation report ("PSI") prior to sentencing.

---

[1] The court construes the number "4" reference as a typographical error.

2

>   According to Johnson's version of the events in the PSI, he was driving in his car, on his way to drop off food to a friend, when he observed an extremely intoxicated woman, later identified as H.B., walking in the area of East 77th Street. He rolled his window down and asked H.B. if she needed help because she was not wearing a coat and it was snowing. He pulled over and she got into his car. She told him she just left a concert. He continued driving to his friend's home and dropped off the food. H.B. was asleep when he got back into the car. He tapped her on the shoulder and asked what she wanted to do. She stated she wanted heroin. He told her that he did not have any heroin, but he could take her to find some. She said no and got out of the car. Johnson then proceeded to a bar when he heard a beeping noise from H.B.'s cell phone. He discovered that H.B. had left her cell phone and purse in his car. He threw her purse on the ground outside and took the phone inside the bar to ask how to turn off the beeping sound.
>
>   The matter proceeded to sentencing on July 27, 2015. The trial court sentenced Johnson to 17 months in prison on Count 1 and 8 years in prison on Count 3. The court ordered that both counts be served concurrently for a total of 8 years of imprisonment. The trial court classified Johnson as a Tier I sex offender and ordered him to pay $1,537.99 as the stipulated amount of restitution.

(R. 5-1, RX 7, PageID #: 116-117; *State v. Johnson*, No. 103408, 2016 WL 2587209, at *1 (Ohio Ct. App. May 5, 2016).

                           Direct Appeal

   Johnson filed a timely appeal, and raised the following four assignments of error, verbatim:

>   1.  The sentence imposed by the trial court on Counts I and III, as amended, violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, prohibiting multiple punishments for the same conduct.  T.d. 36.
>
>   2. The sentence imposed by the trial court on Counts I and III, as amended, is clearly and convincingly contrary to law, constitutes an abuse of discretion, violates Defendant's rights to due process under the U.S. Constitution, Amendment V and IV, and the Ohio Constitution, and violates the prohibition against cruel and unusual punishment in the Eighth Amendment of the U.S. Constitution and Article 9, Section I of the Ohio Constitution.  T.d. 36.
>
>   3.  Mr. Johnson's guilty plea was not knowing, intelligent and voluntary and the acceptance of the plea was contrary to law and violated Defendant's rights to due

process under the U.S. Constitution, Amendment V and IV, and the Ohio Constitution. T.d. 35.

4. Mr. Johnson received ineffective assistance of counsel during the trial court proceedings in violation of the Sixth Amendment and Fourteenth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, and furthermore, nullifying the informed, knowing and voluntary nature of his guilty plea.

(R. 5-1, RX 5, PageID #: 66-67.) The court of appeals affirmed the judgment of the trial court, on May 5, 2016. (R. 5-1, RX 7; *Johnson,* 2016 WL 2587209.) Johnson did not file a timely appeal to the Supreme Court of Ohio. *See generally* Ohio S.Ct.Prac.R. 7.01(A)(1) (45 days to file).

On June 24, 2016, Johnson filed a notice of appeal and a motion for leave to file a delayed appeal to the Supreme Court of Ohio. (R. 5-1, RX 8.) The state supreme court denied leave to appeal, and dismissed the case, on August 31, 2016. (R. 5-1, RX 9; *State v. Johnson,* 146 Ohio St.3d 1489, 57 N.E.3d 1169 (2016).)

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim that was adjudicated on the merits by a state court. The Supreme Court, in *Williams v. Taylor*, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant

>the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-413 (2002). *See also Lorraine v. Coyle*, 291 F.3d 416, 421-422 (6th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405. *See also Price v. Vincent*, 538 U.S. 634, 640 (2003). A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. *Williams*, 529 U.S. at 410-412; *Lorraine*, 291 F.3d at 422.

### III. PROCEDURAL DEFAULT

The respondent contends that none of the grounds in the petition were fairly presented to the state courts, because Johnson did not raise the claims before the Supreme Court of Ohio. (R. 5, PageID #: 29-32.)

A habeas claim may be procedurally defaulted in two distinct ways. First, by failing to comply with state procedural rules. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)). Second, by failing to raise a claim in state court and not pursuing the claim through the state's ordinary review process. *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)). The respondent

5

argues that Johnson's claims are procedurally defaulted because they were not properly exhausted in state court.

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001) (citing *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir.), *cert. denied*, 534 U.S. 977 (2001)). To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990)). Where the petitioner failed to present a claim in state court, a habeas court may deem that claim procedurally defaulted because the Ohio state courts would no longer entertain the claim. *Adams v. Bradshaw*, 484 F.Supp.2d 753, 769 (N.D. Ohio 2007) (citing *Buell*, 274 F.3d at 349).

The court considers the following four-part test to determine whether a claim is procedurally defaulted:

> (1) the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must determine whether the state courts actually enforced the state procedural sanction; (3) it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim; and (4) if the court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Buell*, 274 F.3d at 348 (citing *Maupin*, 785 F.2d at138); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001) (quoting *Maupin*).

Although Johnson raised his claims at the Ohio Court of Appeals through his direct appeal, he failed to timely appeal the denial of those claims to the Supreme Court of Ohio; and, the Ohio Supreme Court denied his motion for leave to file a delayed appeal. (R. 5-1, RX 9; *Johnson*, 146 Ohio St.3d 1489, 57 N.E.3d 1169.) The Ohio Supreme Court's denial of a motion for leave to file a delayed appeal is a procedural ruling sufficient to bar habeas review. *Smith v. Ohio, Dept. of Rehab. and Corr.*, 463 F.3d 426, 431-432 (6th Cir. 2006); *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (per curiam), *cert. denied*, 543 U.S. 989 (2004). Such a procedural default is "an adequate and independent ground on which the state can rely to foreclose review of his federal constitutional claims." *Shabazz v. Ohio*, 149 F.3d 1184, 1998 WL 384559, at *1 (6th Cir. June 18, 1998) (TABLE, text in WESTLAW); *see also Smith*, 463 F.3d at 432.

When a petitioner has defaulted his federal claim(s) in state court pursuant to an independent and adequate state procedural rule, habeas review is barred unless the petitioner can demonstrate cause for the default and actual prejudice, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.[2] *Bonilla*, 370 F.3d at 497; *Buell*, 274 F.3d at 348. "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" that impeded the petitioner's efforts to comply with the state's

---

[2] The fundamental miscarriage of justice exception applies only to a "narrow range of cases." *Schlup v. Delo*, 513 U.S. 298, 314-315 (1995) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). The Supreme Court has instructed that the exception should remain "rare," applied only in the "extraordinary case." *Id.* at 321. The fundamental miscarriage of justice exception is explicitly linked to a showing of the petitioner's actual innocence. *Id.* Johnson has failed to file a traverse and has made no such showing.

7

procedural rule. *Coleman*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Johnson's petition does not demonstrate such cause and prejudice. Furthermore, he has failed to file a traverse thereby waiving this argument.

## IV. CONCLUSION

It is recommended that the court deny the petition for writ of habeas corpus. The petition should not be granted because the grounds raised in the petition have been procedurally defaulted.

s/ David A. Ruiz
David A. Ruiz
United States Magistrate Judge

Date:  October 31, 2019

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72(a); LR 72.3(a). Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walter*s, 638 F.2d 947 (6th Cir. 1981